UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,　　　　　　　　No.1:03:CR:203

　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　Hon. Gordon J. Quist
v.　　　　　　　　　　　　　　　　　　　　United States District Judge

TERRY ROCKETT,

　　　　　Defendant.
_____/

SENTENCING MEMORANDUM

　　　　This sentencing memorandum is filed in response to Terry Rockett's (defendant's) untimely objections to the pre-sentence report set forth in a sentencing memorandum and a 15-page addendum to the sentencing memorandum.  The addendum to the sentencing memorandum was received by the government on November 1, 2004.  Sentencing is currently scheduled in this matter for November 3, 2004.   The government contends that all of the defendant's objections are without merit.

　　　　First, the defendant argues that he should not receive a two-level enhancement to his offense level because he never admitted to possession of a dangerous weapon at his plea hearing. He argues that application of this enhancement is in violation of the Sixth Amendment.  *See Blakely v. Washington*, 124 S. Ct. 2531 (2004).   Following *Blakely*, however, the Sixth Circuit issued an *en banc* decision declining to apply *Blakely*  to the Federal Sentencing Guidelines.  In *United States v. Koch*, 383 F.3d 486 (6th Cir. 2004), the court held that application of the Federal Sentencing Guidelines did not violate the Sixth Amendment.  Accordingly, unless the Supreme

Court holds to the contrary in *United States v. Booker*, No. 04-104, and *United States v. Fanfan*, No. 05-105 prior to the defendant's sentencing, the *Koch* decision requires this Court to apply the Guidelines.[1]

Second, the defendant argues that he is entitled to a mitigating role as a minor participant in this conspiracy under USSG § 3B1.2. The application of this adjustment to the defendant would result in restricting his base offense level to 30. *See* USSG § 2D1.1(a)(3). This is course completely unjustified. The defendant was not held responsible for the quantity of drugs involved in the entire conspiracy (hundreds of kilograms of cocaine); he was found accountable for the quantity directly attributable to him. PSIR ¶ 277. In fact, the defendant was held responsible for the amount of crack cocaine that he sold to undercover police officer, Trooper Mitch Dyer, and drugs found in his home in a search warrant during a fairly discrete time period in this conspiracy. It is well established that the defendant is not entitled to a minor role adjustment where his base offense level does not reflect the conduct of the larger conspiracy. *See United States v. Saucedo*, 226 F.3d 782, 788 (6th Cir.), *cert. denied*, 531 U.S. 1102 (2000); *United States v. Roberts*, 223 F.3d 377, 381 (6th Cir. 2000). The Sixth Circuit has consistently recognized that a defendant who is held accountable for a portion of the drugs involved in the conspiracy is not less culpable for the smaller amount attributed to him, compared to the other co-conspirators. *See United States v. Welch*, 97 F.3d 142, 152 (6th Cir. 1996). The defendant's base offense level of 34 was determined by calculating those amounts he personally distributed to Trooper Dyer and that which was found at his residence. He is properly assessed a base offense

---

[1] The Sixth Circuit has instructed district courts to impose an alternate sentence in the event the Sentencing Guidelines are invalidated by the United States Supreme Court. In his plea agreement, the defendant agreed that the Federal Sentencing Guidelines apply and waived appeal.

level reflecting those amounts. This is a very conservative estimate of his overall cocaine distribution.

Third, the defendant makes a belated attempt to reduce his criminal history category by attempting to characterize his convictions reflected in ¶¶ 292, 294, 295 of the pre-sentence report as "related" to this conspiracy. A criminal conviction is counted towards a defendant's criminal history category if it is conduct not part of the instant offense. USSG § 4A1.2(a)(1). Conduct considered "related" is "relevant conduct" under USSG § 1B1.3. *See* USSG § 4A1.2 comment. (n. 1). The question presented is whether the prior offense(s) and the instant offense are part and parcel of the same conduct. The Sixth Circuit has narrowly restricted the definition of what constitutes "part of the instant offense." In *United States v. Escobar*, 992 F.2d 87 (6th Cir.1993), the court counted a state conviction for possession of a personal use quantity of cocaine during the time frame of a continuing criminal enterprise (CCE) because it was not considered conduct part of the CCE offense. *See* USSG § 2D1.5 comment. (n. 3); *United States v. Crosby*, 913 F.2d 313 (6th Cir. 1990). In *United States v. Beddow*, 957 F.2d 1330 (6th Cir. 1992), the court counted a gun conviction that was based on possession of the weapon at the time of the instant offense because it involved conduct that was severable into two distinct offenses.

In this case, the convictions challenged are not a part of this conspiracy. Paragraph 292 of the pre-sentence report stated that the defendant was the subject of a routine traffic stop in 1998 at Western Michigan University. He was subsequently arrested for DWLS and for having a marijuana cigarette on his person (1.7 grams of marijuana). This incident was on the grounds of a campus and involved a personal use amount of marijuana. Paragraph 294 details a traffic stop in which the defendant was stopped with a number of other individuals in 2001 on a Michigan

highway. Two cigars of marijuana were discovered on the person of one of the individuals and the defendant admitted that the marijuana was his.  Again, this marijuana was a personal use amount and the individuals with whom the defendant was arrested - Titus Bradley, Monique Norman, Jorge Oquenedo and Bernadette Santos - were neither witnesses in, or were charged with, participation in this conspiracy.  Finally, paragraph 295 details a traffic stop in 2003 in which a personal use amount of marijuana was found in a car with the defendant and an individual named Demetrious Moore.  As with the defendant's other convictions, this incident involved a personal use amount with an individual who was neither a witness nor charged in the conspiracy.  Contrary to the defendant's assertions, these convictions do not overlap and do not present a common scheme, purpose, accomplices or modus operandi.  They were properly scored by the pre-sentence writer.

Finally, the defendant should not receive the benefit of a downward departure based on an alleged over-representation of his criminal history.  *See* USSG § 4A1.3.  The defendant pleads his youth and involvement with the drug culture as a reason to depart from the applicable sentencing range. These reasons have been specifically rejected by the Sentencing Commission as grounds for departure.  *See* USSG § 5H1.1 (Age) and § 5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse).

Mr. Rockett's current situation is far less sympathetic than other defendants this Court has already sentenced.  Many of the defendants who were charged and have pled guilty in the instant case are in their early to mid-20s with extensive criminal histories like Mr. Rockett. They too were young.  They too came from a life of deprivation.   All of them chose to live a life selling cocaine and crack cocaine as a main source of income.  Many of them chose, like Mr.

Rockett, to carry guns in connection with their drug trafficking.  See PSIR ¶¶ 159, 161, 198. Unlike some of these defendants, however, Mr. Rockett is a graduate of high school and was majoring in engineering in college before he quit school.   Mr. Rockett had a much higher skill level to seek legitimate employment and continue his education, but he refused to use his abilities to obtain an honest source of income.   Instead, as a mature adult approaching his 30s, Mr. Rockett made an affirmative choice to sell drugs and endanger the community by his drug dealing.  Now he must live with that choice.

## **CONCLUSION**

    For the above reasons, the government respectfully requests that this Court deny the defendant's objections to his recommended sentence.

                                                MARGARET M. CHIARA
                                                United States Attorney

Date:  November 2, 2004                                /S/
                                                JOAN E. MEYER
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                330 Ionia Avenue, NW
                                                Grand Rapids, Michigan 49501
                                                (616) 456-2404